**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**No.** 19-mj-02316-Louis

**UNITED STATES OF AMERICA**

**vs.**

**LAURA JEAN TORRES and**
**DAVID SANCHEZ AGUILAR,**

**Defendants.**

______________________________/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?_ Yes X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?_Yes X No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: ______________________________

BREEZYE TELFAIR
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 18055
11200 NW 20TH STREET
Miami, Florida 33172
TEL (305) 715-7644
breezye.telfair @usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
LAURA JEAN TORRES and
DAVID SANCHEZ AGUILAR,

*Defendant(s)*

Case No. 19-mj-02316-Louis

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 7, 2019 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with the intent to distribute heroin |
| 21 U.S.C. § 841(a)(1); (b)(1)(A)(i) | Possession with the intent to distribute heroin |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent, Shad Aschleman, DEA

*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/08/2019

*Judge's signature*

City and state: Miami, Florida

Lauren F. Louis, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT**

I, Shad Aschleman, being duly sworn, depose and state as follows:

1. I have been a Special Agent with the United States Department of Justice, Drug Enforcement Administration (hereinafter, "DEA") since 2004, and am currently assigned to DEA Miami Field Division, High Intensity Drug Trafficking Area (hereinafter, "HIDTA") Task Force, Group 41. I am a criminal investigator for the United States within the meaning of Title 21, United States Code, Section 878, and therefore I am empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 21 and Title 18.

2. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers, witnesses, and documents. This Affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Laura Jean TORRES and David SANCHEZ-AGUILAR for violations of the laws of the United States, that is, conspiracy to possess and possession with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and as such, I have not included every detail known to me regarding this investigation.

3. Beginning in March 2019, a DEA Confidential Source (hereafter referred to as "CS") began telephonic conversations with a narcotics broker (hereinafter, "Broker"), who lives in Mexico and who works for a Drug Trafficking Organization (DTO) that is responsible for distributing kilogram quantities of heroin. The CS negotiated with this Broker to have two (2) kilograms of heroin delivered to him/her in the South Florida area. The CS negotiated $40,000 per kilogram of heroin. After a price was agreed upon, the CS was told that a female, later identified as TORRES, would

deliver the heroin to him/her within the South Florida area over the next few days and provided the CS with TORRES' phone number.

4. On March 5, 2019, the Broker sent a video to the CS, which was a video TORRES sent as she drove across the Mississippi State line on her way to Florida from Texas. On March 6, 2019, at approximately 12:23 p.m., TORRES sent the CS a screenshot of her GPS map, which showed she was in the Orlando area, and approximately three (3) hours away from South Florida. At approximately, 12:30 p.m., TORRES sent the CS a text message, which stated she would arrive sometime during the evening hours.

5. Later in the day on March 6, 2019, the CS met with TORRES at a hotel in the Doral area. During their meeting TORRES discussed the heroin and stated it was good quality "China White." She further stated the price of heroin in Houston is currently $28,000.00 and three (3) times that amount in New York. TORRES told the CS that she has worked for the Gulf Cartel for several years and that she worked as an accountant with the Cartel and would send money back to Mexico. Moreover, TORRES stated that she had access to weapons if the CS was interested in buying firearms. During the conversation TORRES explained that the heroin was in a hidden compartment within the vehicle she, her husband, SANCHEZ-AGUILAR, drove from Texas. Both TORRES and the CS agreed to meet the following day to complete the drug deal. TORRES was to receive $15,000.00 as a fee for driving the drugs from Texas. TORRES expressed a desire to use the $15,000.00 and take her family to Disney World. According to TORRES, that was the reason she decided to bring her four (4) kids with her, on the drive down from Texas. The kids ranged in age from three (3) to seven (7).

6. On March 7, 2019, at approximately 11:30 a.m. the CS placed a call to TORRES stating that he/she would arrive at the meeting location in about 30 minutes. TORRES replied that she

would meet the CS at the Buffalo Wild Wings restaurant, near Doral, Florida to which the CS agreed. At approximately 12:15 p.m. the CS and agents arrived at the restaurant with a shopping bag containing fake currency representing the money TORRES expected to be paid. TORRES was seated by herself in the bar area of the restaurant. TORRES accepted the bag containing the fake currency and in return provided the CS a bag containing the heroin. This meeting was monitored and recorded by agents. Once the exchange occurred the arrest was effected. TORRES stated that she was unaware as to where her husband and children were.

7. Nearby, agents identified SANCHEZ-AGUILAR along with the couple's four (4) minor children. Both SANCHEZ-AGUILAR and TORRES was transported to the DEA office for questioning. Miranda warnings were read to SANCHEZ-AGUILAR in both English and Spanish. SANCHEZ-AGUILAR signed a rights waiver form. During questioning, SANCHEZ-AGUILAR admitted to being in the United States illegally. SANCHEZ-AGUILAR also stated that he and TORRES have been married for 15 years, but denied any knowledge of her illegal drug trafficking activity.

8. TORRES was also read Miranda warnings and also signed a rights waiver form. TORRES explained to agents how she got involved with narcotics trafficking and specifically how she attempted to distribute this particular kilogram and half kilogram of heroin on four (4) similar trips prior to this trip to the Southern District of Florida. When agents asked TORRES how this trip began TORRES explained that her and her husband SANCHEZ-AGUILAR had placed the heroin in a natural void of the vehicle under the center console mechanism. TORRES then provided agents with a signed consent form, which allowed agents to search TORRES' cell phone. Agents were able to view on TORRES cell phone images of U.S. currency spread out on a bed, images of granulated heroin and

bricks of heroin stamped with the same logo, which was stamped on the heroin seized in this case, and a video that showed TORRES and SANCHEZ-AGUILAR stuffing aluminum foil wrapped heroin under the center console floorboard.

9. SANCHEZ-AGUILAR has no known criminal history in the United States, however, has no legal status within the United States. TORRES is currently on State probation within the State of Texas for a 2016 charge of aggravated assault with a deadly weapon (felony in the second degree), and has a criminal history, which includes a 2004 possession of marijuana and theft of property, 2003 forgery, and 2002 assault with bodily injury.

10. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Laura Jean TORRES and David SANCHEZ-AGUILAR conspiracy to possess and possession with the intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

Shad Aschleman, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this
8 day of March, 2019

HONORABLE LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE